# EXHIBIT F

## STOCK PURCHASE AGREEMENT

THIS STOCK PURCHASE AGREEMENT ("SPA") is made and entered into this 17th day of June, 2013, by and between

I.      Bruno Junqueira, an individual of majority age ("Seller"), with a mailing address of 721 Crandon Boulevard, suite 308, Key Biscayne, Florida 33149, and

II.     Geofinance Limited ("Purchaser") a company incorporated in accordance with the laws of the State of Delaware with offices at 5335 Wisconsin Avenue, N.W, Suite 440, and Washington, DC 20015;

WHEREAS, the Seller is the sole member of Key Financial Investment Group LLC, a limited liability company organized and existing under the laws of the State of Florida (the "Corporation"), and holds one hundred percent (100%) of the membership interests (the "Shares") in the Corporation; and

WHEREAS, the Purchaser desires to purchase and Seller desires to sell the totality of the membership interest in the Corporation and the Seller desires to sell said interest, upon the terms and subject to the conditions hereinafter set forth;   .

NOW, THEREFORE, in consideration of the mutual covenants and agreements contained in this Agreement and in order to consummate the purchase and the sale of the Corporation's Interest aforementioned, it is hereby agreed as follows:

1.   Purchase and Sale. Subject to the terms and conditions hereinafter set forth, at the execution of this agreement, the Seller herein, irrevocably sells to Purchaser 100% of the Shares in consideration of the purchase price set forth in this Agreement.

      1.1 The Seller shall execute all necessary corporate documents in order to immediately transfer the Shares to the Purchaser.

      1.2 The Purchaser shall immediately comply with all compliance requirements in accordance with the laws of the State of Florida.

2.   Amount and Payment of Purchase Price. The total consideration and method of payment thereof are fully set out in Exhibit "A" attached hereto and made a part hereof.

3. Representations and Warranties of Seller. Seller hereby warrants and represents:

      (a) Organization and Standing. The corporation is duly organized, validly existing and in good standing under the laws of the State of Florida and has the corporate power and authority to carry on its business as it is now being conducted.

      (b) Restrictions on the Membership Interest of the Corporation: (i) The Seller is not a party to any agreement, written or oral, creating rights in respect to the Corporation's Membership Interest with any third person; (ii) Seller is the lawful owner of 100% of the Membership Interests of the Corporation, free and clear of all security interests, liens, encumbrances, equities and other charges; (iii) There are no existing warrants, options, stock purchase agreements, redemption agreements, restrictions of any nature, calls or rights to subscribe of any character relating to the membership Interest.

4.     Representations, Warranties and Covenants of the Purchaser.     The Purchaser hereby make the following representations, warranties and covenants as of Closing, the truth, accuracy and continued compliance, which are conditions precedent to Sellers' obligations hereunder:



4.1    Authorization; Enforceability.

4.1.1.  The Purchaser has full power and authority to enter into this Agreement, to perform its obligations hereunder and to consummate the transactions contemplated hereby. The execution and delivery by the Purchaser of this Agreement, and the performance by the Purchaser of Purchaser's obligations hereunder, have been duly and validly authorized, no other action or consent on the part of the Purchaser is necessary.

4.1.2.  This Agreement is, and the other documents and instruments delivered hereunder will be, when executed and delivered, the valid and binding obligations of the Purchaser, enforceable against the Purchasers in accordance with its respective terms.

4.2    No Violation or Conflict. The execution, delivery and performance of this Agreement by the Purchaser do not and will not conflict with or violate any law, judgment, order or decree binding on the Purchaser or any contract to which the Purchaser is a party or by which it is bound, the breach of which could have a material adverse effect on the Purchaser's ability to consummate the transactions contemplated thereby.

5. Representations and Warranties of Seller and Purchaser. Seller and Purchaser hereby represent and warrant that there has been no act or omission by Seller, Purchaser or the Corporation which would give rise to any valid claim against any of the parties hereto for a brokerage commission, finder's fee, or other like payment in connection with the transactions contemplated hereby.

6.  Closing Deliveries. The following shall be delivered by the responsible party at the time such party executes this Agreement and delivers same to the other:

6.1 Seller's Deliveries at Closing:
    (a)  the Membership Interest Certificates;
    (b)  Duly endorsed Stock Powers

6.2 Purchaser's Deliveries at Closing:
    (a)  readily available funds in the amount described in Exhibit "A";
    (b)  a Corporate Resolution approving this transaction; and

7.    Inspection and Due Diligence. Purchaser confirms that Seller has made available to Purchaser and its representatives and agents the opportunity to ask questions of the officers and employees of the Corporation, and to acquire and review such additional information of the operations and financial condition of the Corporation as the Purchasers have requested, and all such information has been received and reviewed. The Purchaser hereby agrees to purchase the membership interest in the Corporation on as "as is" "where is" basis upon and subject to the terms and conditions of this Agreement.

8.  Assumption of Liability. Purchaser does hereby assume, or agree to assume, and acquire or take over, any liabilities or obligations of any kind or nature of the Corporation, direct, contingent or otherwise.

9.  Indemnification. Purchaser, and its members, managers, officers, employees, owners, agents, affiliates, and their respective successors and assigns or heirs and personal representatives (each, an "Indemnifying Party"), hereby agree to defend and hold harmless Seller and its members, managers, officers, employees, owners, agents, affiliates, and their respective successors and assigns or heirs and personal representatives (each an "Indemnified Party") from and against and reimburse upon demand each Indemnified Party for any and all claims, expenses, obligations, liabilities, losses, damages, injuries (to person, property, or natural resources),



penalties, stamp or other similar taxes, actions, suits, judgments, costs and expenses (including attorney's fees and expenses) of whatever kind or nature regardless of their merit, demanded, asserted or claimed against the Indemnified Party directly or indirectly relating to, or arising from, claims against an Indemnified Party including, but not limited to, any claims related to this Agreement, including without limitation all reasonable costs required to be associated with claims for damages to persons or property, and reasonable attorneys' and consultants' fees and expenses and court costs.

10. • Indemnification Procedure for Claims Against Indemnified Parties.   In the case of a claim for indemnification under Section 9, after determination by an Indemnified Party that it has a claim for indemnification, the Indemnified Party shall deliver notice of such claim to the Indemnifying Party, setting forth in reasonable detail the basis and amount of such claim for indemnification (each, an "Indemnification Notice"). Such Indemnification Notice may include supporting documentation such as invoices and such Indemnification Notice shall be deemed a final and definitive calculation of the amount of funds due to the Indemnified Party. Indemnified Party may choose any attorney or other consultant to defend itself in its sole discretion.   Upon the Indemnification Notice having been given to the Indemnifying Party, the Indemnifying Party shall be obligated to pay to the Indemnified Party the amount set forth in the Indemnification Notice within ten (10) days after the date that the Indemnification Notice had been given to the Indemnifying Party.

11. General Provisions

11.1. Entire Agreement. This Agreement (including the exhibits hereto and any written amendments hereof executed by the parties) constitutes the entire Agreement and supersedes all prior agreements and understandings, oral and written, between the parties hereto with respect to the subject matter hereof.

11.2. Sections and Other Headings. The section and other headings contained in this Agreement are for reference purposes only and shall not affect the meaning or interpretation of this Agreement.

11.3. Governing Law and Jurisdiction. This agreement and all transactions contemplated hereby, shall be governed by, construed and enforced in accordance with the laws of the State of Florida, without regard to its conflicts of laws provisions. Any disputes arising in connection herewith shall be submitted to the courts of Miami-Dade County, Florida.

11.4 Confidentiality. Neither the Purchaser nor the Seller (nor any employee or agent under their control) shall disclose to any third party any information regarding this Agreement or the subject matter hereof, except for any disclosure of such information that may be required by law or be necessary to permit the audit of the accounts of any party hereto, or any other disclosure agreed to in writing by the party against whom disclosure it made.

[SIGNATURE PAGE FOLLOWS]

3

IN WITNESS WHEREOF, this Agreement has been executed by each of the individual parties hereto on the date first above written.

SELLER:

Bruno Junqueira, an individual

By: _____

Bruno Junqueira

PURCHASER:

Geofinance Limited, a Delaware corporation

By: _____

Name: _____

Title: _____

4

EXHIBIT "A" AMOUNT AND PAYMENT OF PURCHASE PRICE

     (a)  Consideration. As total consideration for the purchase and sale of the 100% of Corporation's Membership Interest, pursuant to this Agreement, the Purchaser agrees to pay an amount of USD 5,000.00 (five thousand United States dollars).

     (b)  Payment. Payment will be made within 10 business days from the signature of this Agreement.

5

# Key Financial Investment Group LLC

## Unit Power

KNOW ALL MEN BY THESE PRESENTS, that for value received, the undersigned, **BRUNO JUNQUEIRA**, hereby  assigns and transfers to **GEOFINANCE LIMITED** a company incorporate in accordance with the laws of the State of Delaware, ONE HUNDRED (100) Units of the issued and outstanding membership interests of **KEY FINANCIAL INVESTMENT GROUP  L.L.C**, a company organized and existing under the laws of Florida (the 'Company'), represented by Certificate No. 1 herewith, and does hereby irrevocably constitute and appoint Richards & Associates, P.A. as its attorney-in-fact to transfer the membership interests on the books of the Company.

DATED as of the 17th day of June 2013

By : _____
       Bruno Junqueira